Julie Ann Goldberg
3005 Oakwood Blvd
Melvindale, Michigan 48122
(313)888-9545
Ecf@goldbergimmigration.com
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA R. MONTELEONE and<br><br>THOMAS A. MONTELEONE,<br><br> Plaintiffs,<br><br>vs.<br><br>JULIE ANN GOLDBERG, et al.,<br><br> Defendants. | CASE NO.: 2:25-CV-05557-GW(AGR)<br><br>DEFENDANT JULIE GOLDBERG'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE AND DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER<br><br>DATE: AUGUST 14, 2025<br>TIME: 8:30AM<br>LOCATION: COURTROOM 9D |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2025, or as soon thereafter as counsel may be heard, in Courtroom 9D of the Hon. George Wu of the above-entitled Court, located at 350 West First Street, Los Angeles, CA 90012, Defendant Julie Ann Goldberg ("Ms. Goldberg") will specially move to strike and dismiss the complaint of Plaintiffs Laura R. Monteleone and Thomas A. Monteleone, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and

1

California Code of Civil Procedure § 425.16 (the "anti-SLAPP statute"). Defendant Julie Ann Goldberg seeks an order granting her motion and awarding her attorney fees in accordance with subdivision (c)(1) of the anti-SLAPP statute. Ms. Goldberg makes the motions on the ground that the Complaint and conduct which are the subject of Plaintiff's complaint bear relation to judicial proceedings. Plaintiffs' claims arise from or are based on a protected activity (an act "in furtherance of the person's right of petition"), and Ms. Goldberg can demonstrate she has a reasonable probability of prevailing on her claims.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Julie Goldberg, the attached exhibits, and the pleadings, records and files in this action, such additional evidence as may be submitted before the decision in this matter, and such oral argument as the Court may consider at the hearing on the Motion. The motion is made following the good faith efforts of the Defendant to meet and confer as required by L.R. 7-3 and following stipulation of the parties on June 25, 2025 acknowledging the same would be filed.

Dated: July 17, 2025                    Respectfully submitted,

                                        _s/ Julie A. Goldberg_
                                        Julie A. Goldberg
                                        Goldberg & Associates

2

**Table of Contents**

I.     Introduction……………………………………………………………1
II.    Background…………………………………………..……………..2
III.   Plaintiff's Allegations……………………………………………8
II.    Standard of Review…………………………………………………..10
   A. Special Motions to Strike…………………………………..….……...10
   B. Rule 12(b)(6)……………………………………………………..11
III.   Argument ...…………………………………………………………13
   A. The Alleged Conduct Giving Rise to Plaintiff's Claims is Protected Activity……………………………………………………14
   B. Plaintiffs Cannot Show a Probability of Prevailing on any Claim …………………………………………………………15
   C. The Plaintiffs Have Not Sufficiently Pleaded a Cause of Action for Malicious Prosecution Under Rule 12(b)(6)…………………..18
IV.    Conclusion………………………………………………………....20

i

## Table of Authorities

### Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. 12, 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................... 12

*Chavez v. Mendoza*,
94 Cal.App.4th 1083 (2001) ............................................................................ 11

*Crowley v. Katleman*,
8 Cal. 4th 666 (Cal. 1994) ......................................................................... 18, 19

*Daniels v. Robbins*,
182 Cal. App. 4th 204 ...................................................................................... 15

*Herring Networks, Inc. v. Maddow*,
8 F.4th 1148 (9th Cir. 2021) ............................................................................ 11

*Jarrow Formulas, Inc. v. LaMarche*,
31 Cal. 4th 728 (Cal. 2003) ............................................................................. 15

*Makaeff v. Trump Univ., LLC*,
715 F.3d 254 (9th Cir. 2013) ........................................................................... 11

*Manufactured Home Communities, Inc. v. Cnty. of San Diego*,
655 F.3d 1171 (9th Cir.2011) .......................................................................... 16

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ........................................................................... 19

*MetlzerInv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ......................................................................... 13

*Myles v. United States*,
47 F.4th 1005 (9th Cir. 2022) ..................................................................... 16, 17

*N. Star Int'l v. Ariz. Corp. Comm'n*,
720 F.2d 578 (9th Cir. 1983) ........................................................................... 14

*Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) ........................................................................... 10

*Parks Sch. of Bus. v. Symington*,
  51 F.3d 1480 (9th Cir. 1995) ................................................................ 14

*Pender v. Radin*,
  23 Cal. App. 4th 1807 (1994) .............................................................. 18

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*,
  890 F.3d 828 (9th Cir.) ...................................................................... 10

*Shady Grove Orthopedic Assocs., P.A., v. Allstate Ins. Co.*
  559 U.S. 393 (2010) .......................................................................... 10

*Sierra Club Found. v. Graham*,
  72 Cal. App. 4th 1135 (Ct. App. 1999) ............................................... 19

*StaffPro, Inc. v. Elite Show Servs., Inc.*,
  136 Cal. App. 4th 1392 (Ct. App. 2006) ............................................. 16

**Statutes**

California Civil Code 425.16 ..................................................... 1, passim

**Rules**

Fed. R. Civ. P. 8(a) ............................................................................ 10

Rule 8(a) ............................................................................................. 9

Rule 12(b)(6)…….……….…..………………….……………………………………passim

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Plaintiffs in this case, Laura R. Monteleone ("Plaintiff Laura") and Thomas A. Monteleone ("Plaintiff Monteleone") have brought this First Amended Complaint, alleging that Defendant Julie Ann Goldberg ("Ms. Goldberg") is liable for malicious prosecution.  This is now the ***fourth*** malicious lawsuit filed against the Defendant by the Plaintiffs to this action, which, once again, has been filed without regard to the likelihood of a failure to succeed on the merits. The three previous lawsuits were dismissed in Ms. Goldberg's favor. These lawsuits are not the only actions taken by the Plaintiffs against the Defendant, which also included 3 false police reports and multiple false bar complaints, all of which have been dismissed and found to be without merit. These previous lawsuits and false reports required Ms. Goldberg to exercise her right to protect herself from further false litigation by the Plaintiffs, in litigation which is currently ongoing before this Honorable Court under Case Number 2:23-cv-02395-GW-AGRx. This is another one in a long line of vexatious litigation by Plaintiff.

The timing of this lawsuit, comes on the heels of the California Court of Appeals dismissing Plaintiff's appeal in the First Civil Action and awarding Ms. Goldberg attorneys' fees in the suit which this cross-complaint was the subject

1

of.  All of this litigation is the result of Ms. Goldberg daring to competently represent Plaintiff Laura's ex-husband in their divorce proceedings.

As a matter of law, Ms. Goldberg's subject cross-complaint against the Plaintiffs – in which she prevailed on two causes of action of intentional and negligent torts against her, and had merely not sufficiently pleaded to two others – is protected under California Civil Code 425.16, the so-called "anti-SLAPP" statute. There is no possibility, even less so a probability, that Plaintiffs will prevail on their claims.

## II.    BACKGROUND

On February 16, 2021, Luis Ruano ("Mr. Ruano"), a client of Ms. Goldberg and the now ex-husband of Plaintiff Laura, filed for dissolution against Plaintiff Laura in Los Angeles Superior Court, Case No. 21VEFL00184 (the "Dissolution Action"). Defendant Ruano was served with the Dissolution Action and a potential settlement offer on February 17, 2021 by Ms. Goldberg.  After Ms. Goldberg left the restaurant where she had served Plaintiff Ruano and made her way to the car, Plaintiff chased her to the car screaming and yelling at Ms. Goldberg, and banging on the windows of the car.

**First Civil Action Against Ms. Goldberg**

Thereafter, on August 8, 2021, Plaintiff Laura filed a civil complaint against Ms. Goldberg in the Los Angeles Superior Court, entitled *Laura Ruano v. Julie Goldberg, et al.,* Case No. 22VECV01054 (the "First Civil Action"). This action sought to penalize Ms. Goldberg for representing Mr. Ruano in the Dissolution Action, claiming breach of fiduciary duty for prior client conflicts, among related allegations, and including interference with marital relations, which did not exist as a viable cause of action in the State of California.

The First Civil Action fraudulent alleged that Ms. Goldberg had previously represented Plaintiff Ruano in numerous business affairs in or around March, 2019. No such representation had <u>ever</u> occurred, and Plaintiff Laura did not know who Ms. Goldberg was prior to being served on February 17, 2021.

Ms. Goldberg filed a Cross-Complaint against Plaintiff Laura in the First Civil Action, April 19, 2022, Goldberg filed her cross-complaint against Plaintiff Laura and Plaintiff Monteleone, alleging, in pertinent part, assault, battery, trespass to chattels and negligence.

**Plaintiff Ruano's False Allegations of Prior Representation**

On February 2, 2022, Plaintiff Laura filed a motion to disqualify Ms. Goldberg as Mr. Ruano's attorney in the Dissolution Action, along with a false

3

RFO. For the first time in the Dissolution Action, after a year of representing Mr. Ruano, Plaintiff Laura falsely raised the same conflict of interest as the First Civil Action, alleging Ms. Goldberg had represented Plaintiff Laura previously during a time prior to Ms. Goldberg ever even knowing the Ruano family.

After an evidentiary hearing, it was determined that Ms. Goldberg never represented Plaintiff Ruano and clear evidence that Plaintiff Ruano had been represented by a completely different firm was submitted. In this motion to disqualify Ms. Goldberg from the Dissolution Action, Plaintiff Monteleone also provided a declaration making the same false allegations as Plaintiff Laura.

Pursuant to court rules and permissive state evidence statutes, Ms. Goldberg had Plaintiff Laura and Plaintiff Monteleone served with subpoenas seeking depositions to cross-examine the Plaintiffs in regard to their falsified declarations supporting the Motion to Disqualify Ms. Goldberg on February 25, 2022. Initially, the Plaintiffs refused to answer the door for the process server, and instead called the police.  When the police arrived, the police explained to Plaintiff Laura that the process server was there for valid and legally effective service.  Despite being told otherwise by the police themselves, Plaintiff Laura and Plaintiff Monteleone immediately filed false police reports against Plaintiff.

4

**The Falsified Restraining Order Case Against Ms. Goldberg**

Plaintiff Laura additionally filed a petition for a civil harassment restraining order against Ms. Goldberg, entitled *Ruano v. Goldberg,* in the Los Angeles Superior Court, Case No. 22VERO00392 ("the Restraining Order Case"). Plaintiff Monteleone was listed as an additional protected person. A temporary restraining order was denied on March 9, 2022 and the case was set for a hearing. Despite the clear lack of evidence, it was not until several appearances later and on advice of the Court that Plaintiff Laura dismissed the Restraining Order case with prejudice on August 12, 2022.

**The Second Civil Action Against Goldberg**

On March 21, 2022, Plaintiff Laura and Plaintiff Monteleone filed yet another civil complaint against Ms. Goldberg (the "Second Civil Action"), entitled *Monteleone v. Goldberg,* at the Los Angeles Superior Court, Case No. 22VECV00402. The Second Civil Action mirrored the Restraining Order case, accusing Ms. Goldberg of assault, trespass, and intentional infliction of emotional distress on the basis of a process server trying to serve deposition subpoenas.

**The Motion to Disqualify is Denied.**

On March 22, 2022, the trial court in the Dissolution Action heard oral arguments on the Motion to Disqualify Ms. Goldberg from representing Mr.

Ruano. Plaintiff Laura had no evidence to support her allegations, against the substantial evidence to the contrary presented by Ms. Goldberg and Mr. Ruano, including Plaintiff Laura's own text messages, and records which showed Plaintiff Laura had other representation during the claimed timeframe and statements that she had no idea who Ms. Goldberg was or looked like until being served with divorce proceedings.  During testimony, the court gave Plaintiff Laura ample opportunity to make her case, but she failed to show any prior representation or conflict. The motion was denied.

**The Second Civil Action is Dismissed.**

On July 17, 2022, Ms. Goldberg's request for removal of the Second Civil Action to United States District Court, Central District of California, was granted.  The case was reassigned case number 2:22-cv-04858-FMO-E. Ms. Goldberg thereafter filed an anti-SLAPP motion in response to the Second Civil Action on August 5, 2022.

On August 12, 2022, in response to an anti-SLAPP motion filed, Plaintiff Laura and Plaintiff Monteleone filed a voluntary dismissal of the Second Civil Action.

**The Second Amended Complaint is Dismissed as to Ms. Goldberg.**

On August 17, 2022, Plaintiff Laura filed Second Amended Complaint in the First Civil Action. The First Amended Complaint was stricken for Plaintiff Laura's failure to follow the court order requiring the parties to meet and confer before the filing of the amended complaint. Ms. Goldberg filed an anti-SLAPP special motion to strike the Second Amended Complaint, was dismissed on December 13, 2022 with the grant of Ms. Goldberg's anti-SLAPP motion.

**Ms. Goldberg Files Her Federal Action against Plaintiffs**

After having three complaints dismissed, Plaintiff Ruano continued to make false reports to the police, FBI, and improperly had communication with Ms. Goldberg's staff. Finally, on April 3, 2024, Ms. Goldberg filed her civil action against Plaintiff Laura and Plaintiff Monteleone, which is currently pending before this Honorable Court under Case Number 2:23-cv-02395-GW-AGRx, for malicious prosecution under the barrage of constant, meritless litigation from the Plaintiffs.

**Ms. Goldberg Dismisses the Cross-Complaint**

On February 5, 2024, the trial court granted in part and denied in part the Motion for Judgment on the Pleadings in the First Civil Action with regard to the Plaintiff's Cross Complaint against the Defendants. (See Exhibit A).

Because Ms. Goldberg had already filed a lawsuit addressing the more concerning aspects of the Plaintiff's conduct, namely their judicial harassment of her person and business, Ms. Goldberg decided to consolidate her resources to focus on her federal lawsuit, rather than amend her cross-complaint to more fully alleged facts relating to the battery and trespass to chattels causes of action. Notably, the Court had found that the assault and negligence causes of action were sufficiently pleaded and denied the Motion for Judgment on the Pleadings as to those two causes of action. (See Exhibit A).

Accordingly, Ms. Goldberg dismissed the cross-complaint on April 2, 2024 without prejudice (See Exhibit B).

This new lawsuit by the Plaintiffs follows.

### III.   PLAINTIFFS' ALLEGATIONS

According to the First Amended Complaint, on or about April 19, 2022, Ms. Goldberg "filed a meritless complaint against PLAINTIFFS in the Superior Court of Los Angeles County, California (Case No. 21VECV01054)." (ECF 13, ¶ 9).

Next, the complaint alleges that "[o]n February 5, 2024, a judgment was entered against DEFENDANTS and in favor of PLAINTIFFS regarding DEFENDANTS meritless cause of action for battery and trespass of chattel." (ECF

8

13, ¶ 10). The complaint continues, "[t]hereafter, on April 19, 2022, DEFENDANTS dismissed the remainder of their meritless lawsuit." Id.

The complaint continues "DEFENDANTS acted without probable cause in filing the meritless cross-complaint. DEFENDANTS filed the cross-complaint in malicious retaliation for PLAINTIFFS initiating suing DEFENDANTS. DEFENDANTS did not honestly and reasonably believe that there were grounds for the action because the allegations against the PLAINTIFFS were false." (ECF 13, ¶ 11).

The First Amended Complaint fails to acknowledge key aspects of the Order from February 5, 2024. Ms. Goldberg concedes that her battery and trespass to chattel causes of action were dismissed on the Motion for Judgment on the Pleadings; however, the related assault and negligence causes of action **were permitted to go forward as sufficiently pleaded, and Plaintiffs' Motion for Judgment on the Pleadings was denied.** (See Exhibit A).

Additionally, as to the battery cause of action, the court agreed with Ms. Goldberg's assessment of the law that skin-to-skin contact was not required for batter, ultimately the court concluded that the facts in the Cross-Complaint did not sufficiently allege that Ms. Goldberg had been touched by anything. Similarly, as to the trespass to chattels, the Court concluded while Ms. Goldberg was correct

9

that "only a possessory interest is sufficient," the allegations in the Cross-Complaint were conclusory and could not meet the standard for a Motion for Judgment on the Pleadings.

In other words, while the court found that two causes of action did not have enough facts to support them, the other two, related causes of action were found to be legally sufficient and support by the facts. As to the assault claim, the court found that Ms. Goldberg "has alleged that she was in fear of personal harm when Ms. Ruane intended to cause offensive conduct by punching the car window of the vehicle Goldberg was in. Ms. Ruane's actions together with her words could be found to be intended to inflict immediate injury to Goldberg." (See Exhibit A).

Additionally, the Plaintiffs allege the incorrect date of dismissal of the Cross-Complaint. The Cross-Complaint was dismissed on April 2, 2024. The Plaintiffs assert one cause of action for malicious prosecution.

## IV.   STANDARD OF REVIEW

### A. Special Motions to Strike

In accordance with the test established by the U.S. Supreme Court in *Shady Grove Orthopedic Assocs., P.A., v. Allstate Ins. Co.,* 559 U.S. 393, 398 (2010) the anti-SLAPP statute creates substantive rights which a district court sitting in diversity will enforce, to the extent the anti-SLAPP statute does not conflict with

any federal rule. *Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972 (9th Cir. 1999); *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 833-34 (9th Cir.), amended 897 F.3d 1224 (9th Cir. 2018), cert. denied sub nom. *Center for Medical Progress v. Planned Parenthood Federation of America, Inc.,*139 S. Ct. 1446 (2019).

Subdivision (b)(1) of the anti-SLAPP statute states that "[a] cause of action against a person arising from any act of that person in furtherance of that person's right of petition or free speech [] shall be subject to a special motion to strike, unless the court determines that the plaintiff has established there is a probability that the plaintiff will prevail on the claim." The purpose of the anti-SLAPP statute is to deter frivolous and improperly motivated lawsuits arising from protected rights. *Chavez v. Mendoza*, 94 Cal.App.4th 1083, 1089 (2001).

A special motion to strike under California's anti-SLAPP statute involves a two-step inquiry. *Herring Networks, Inc. v. Maddow,* 8 F.4th 1148, 1155 (9th Cir. 2021). First, "the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). At the second step, the burden shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim."

11

**B. 12(b)(6) Motion to Dismiss**

In reviewing a 12(b)(6) motion for failure to state a claim, under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Since, "[t]he purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and to determine the merits of the issue presented, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" which will allow "the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard is not akin to a 'probability requirement,'" however it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The focus rather is that if the "well-pleaded factual allegations," *id*. at 679, "plausibly suggest an entitlement to a relief," *id*. at 681.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id* at 679. "The pleading standard . . . does not require 'detailed

12

factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). As this Court previously observed "[g]enerally, a claimant's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Algzaly v. Pompeo*, Case No. 20-cv-03322-JCS, 8 (N.D. Cal. Jan. 19, 2021) (citing Fed. R. Civ. P. 8(a)). In determining these issues the court's "[r]eview is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *See MetlzerInv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

## V.   ARGUMENT

Here, Ms. Goldberg, as the movant, can establish that the causes of action against the Plaintiffs in her cross-complaint in Los Angeles Superior Court Case Number 21VECV01054 were filed pursuant to her right to petition the court for the intentional tortious conduct of the Plaintiffs against her. The good faith and probable cause of these Causes of Action were clear from the Superior Court's February 5, 2024 Tentative Order on which the Plaintiffs rely, which found there was a basis for the causes of action but two (battery and trespass to chattels) had

not been sufficiently pleaded to withstand a motion for judgment on the pleadings. (See Exhibit A).  Ms. Goldberg did dismiss her remaining causes of action after the Order, rather than amending the Cross-Complaint, because by that point she had been dismissed as a Defendant from the litigation on the basis of an anti-SLAPP motion (See Exhibit B), and she had filed the present action before this Court, under case number 2:23-cv-02395-GW-AGRx. It made more sense to focus her allegations in one action against the Plaintiffs, rather than continuing to maintain separate actions.

The second prong of an anti-SLAPP is demonstrating that a Plaintiff's cause of action will not succeed on the merits. The sole cause of action, for malicious prosecution, is not supported by the allegations or by any substantial evidence. The Court Order that is relied upon by the Plaintiffs does not even support the allegations of the First Amended Complaint. (See Exhibit A). In fact, the subject Court Order demonstrates that Ms. Goldberg acted in good faith in bringing her cross-complaint against the Plaintiffs for the tortious conduct taken against her. On the contrary, this is just another lawsuit filed by the Plaintiffs in order to harass and annoy Ms. Goldberg, as already covered in the ongoing litigation before this Court.

**A. The Alleged Conduct Giving Rise to Plaintiff's Claims is Protected Activity**

14

At the first step, the court must determine whether Ms. Goldberg's cross complaint was "in furtherance of [Ms. Goldberg's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). The statute defines this phrase to include, inter alia, "any written or oral statement or writing" that either is "made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," or is "made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." *Id.* § 425.16(e)(1), (2).

As to malicious prosecution, under "[t]he plain language of the anti-SLAPP statute, every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding"  and therefore is subject to section 425.16. *Daniels v. Robbins,* 182 Cal. App. 4th 204, 215 (2010). *see also Jarrow Formulas, Inc. v. LaMarche,* 31 Cal. 4th 728 (Cal. 2003) ("[E]very [California] Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute.").

The sole cause of action in the First Amended Complaint is malicious prosecution, which arose because of Ms. Goldberg's protected activity of filing a

15

cross-complaint and petitioning the Court. Therefore, Ms. Goldberg meets the first prong of the test for a special motion to strike.

### B.  Plaintiffs Cannot Show a Probability of Prevailing on any Claim

"In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." *Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176-77 (9th Cir.2011)

To establish a malicious prosecution claim, Plaintiffs must plead and prove that the Defendants' cross-complaint in the prior state-court action was: (1) commenced by or at the direction of the Defendants and pursued to a legal termination in Plaintiffs' favor; (2) brought without probable cause; and (3) initiated with malice. *See Crowley v. Katleman*, 8 Cal. 4th 666 (Cal. 1994). "To be considered 'favorable' . . . a termination in the underlying action must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *StaffPro, Inc. v. Elite Show Servs., Inc.*, 136 Cal. App. 4th 1392 (Ct. App. 2006). "Malice in this context 'is not limited to actual hostility or ill will toward

[the] plaintiff,' but also 'exists when proceedings are instituted primarily for an improper purpose' such as when 'the person initiating [the charges] does not believe that his claim may be held valid.'" *Myles v. United States*, 47 F.4th 1005, 1014 (9th Cir. 2022) (citation omitted) (alterations in original).

Here, in the Amended Complaint, the Plaintiffs have not pleaded that they have obtained a termination on the merits of the action, nor can they on the face of the court order. The Plaintiffs have not pleaded to any fact that shows that the termination was premised on the Court finding there was no validity to the causes of action of Ms. Goldberg. Ms. Goldberg voluntarily dismissed the two causes of action that she *prevailed* on, rather than amending her Cross-Complaint without any indication of whether the case would have survived on the merits. Cf. *Myles v. United States*, 47 F.4th 1005, 1014 (9th Cir. 2022)(prosecutor dismissed the case because she "agreed with Ms. Myles . . . that the charge was concocted by Agency officials in bad faith and was ultimately meritless.") Nor did the Court indicate in the Order that the grant of judgment on the pleadings was on the *merits* of the Cross-Complaint as to battery and trespass to chattels. Instead, the Court acknowledged that while Ms. Goldberg's legal reasoning as to the causes was correct, she had not sufficiently pleaded facts specific enough to support the two causes of action in question.

Attached hereto as Exhibit A and B respectively, are the Court's Order of February 5, 2024, and Ms. Goldberg's voluntary dismissal *without prejudice* of the remaining causes of actions where she prevailed, both referenced in the Plaintiff's First Amended Complaint. Because Ms. Goldberg's causes of actions were premised on actual, intentional actions taken against her by Plaintiff Laura and Plaintiff Monteleone, the Plaintiffs are not likely to prevail on the merits of their claim for malicious prosecution. The Cross-Complaint was not premised on malice, but on actual facts in response to the actions of the Plaintiffs, and it is the legal right of Ms. Goldberg to see redress for the intentional torts taken against her.

### C. The Plaintiffs Have Not Sufficiently Pleaded a Cause of Action for Malicious Prosecution Under Rule 12(b)(6)

The Plaintiffs also fail to plead a cause of action for malicious prosecution. As noted above, Plaintiffs must plead and prove that the Defendants' cross-complaint in the prior state-court action was: (1) commenced by or at the direction of the Defendants and pursued to a legal termination in Plaintiffs' favor; (2) brought without probable cause; and (3) initiated with malice. *See Crowley v. Katleman*, 8 Cal. 4th 666 (Cal. 1994). The Plaintiffs specifically fail to plead enough facts to support the second and third prong.

"Where a proceeding is terminated other than on the merits, the reasons underlying the termination must be examined to see if the termination reflects the

opinion of either the court or the prosecuting party that the action would not succeed." *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (1994). The Plaintiffs do not, and cannot, allege that Ms. Goldberg dismissed her remaining causes of action on the merits. As the Court Order makes clear, Ms. Goldberg prevailed on the Motion for Judgment on the Pleadings as the causes of action which Ms. Goldberg dismissed, so there is no basis for them to claim to have prevailed on the action on the merits.

By the same measure, the Plaintiffs fail to plead that Ms. Goldberg acted with malice. In *Sierra Club Found. v. Graham,* 72 Cal. App. 4th 1135 (Ct. App. 1999), the California Court of Appeal explained: "[M]alice is present when proceedings are instituted primarily for an improper purpose. Suits with the hallmark of an improper purpose are those in which: (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim." *Id.* at 739-40.

Here, the Plaintiffs fail to allege any facts that demonstrate that Ms. Goldberg acted with malice, aside from conclusory allegations. "[C]onclusory

19

allegations without more are insufficient to defeat a motion to dismiss." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Because the Plaintiffs have failed to meet their burden to plead sufficient facts to support their allegations, it is requested that this First Amended Complaint be dismissed pursuant to Rule 12(b)(6).

## VI.    <u>CONCLUSION</u>

In light of the foregoing, it is respectfully requested that this Honorable Court find that the Plaintiff's First Amended Complaint against the Defendant is subject to the anti-SLAPP statute and grant Defendant's special motion to strike. In the alternative, it is requested that this Court grant a motion to dismiss pursuant to Rule 12(b)(6).

Dated:  July 17, 2025

*s/ Julie A. Goldberg*
Julie A. Goldberg
Goldberg & Associates

20

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                        February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                   8:30 AM

Judge: Honorable Virginia Keeny          CSR: None
Judicial Assistant: P. Boyadzhyan         ERM: None
Courtroom Assistant: R. Villagonzalo      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Jonathan Lawrence Gerber Via LaCourtconnect

For Defendant(s): Julie Ann Goldberg Via LaCourtconnect; S Martin Keleti Via LaCourtconnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Protective Order; Hearing on Motion for Judgment on the Pleadings; Case Management Conference

The matter is called for hearing.

The Court has read and considered the moving papers.

The Court's tentative ruling becomes the order of the Court, as follows:

Date of Hearing: February 5, 2024 Trial Date: None Set
Department: W Case No.: 21VECV01054

BACKGROUND

This case was originally an action by Plaintiff Laura Ruano ("Laura") against Defendants Luis Roberto Ruano II ("Luis") and Julie Goldberg ("Goldberg"). On August 10, 2021, Laura filed her original complaint, alleging: (1) breach of fiduciary duties as to Goldberg; (2) intentional interference with marital relations as to both Defendants; and (3) intentional infliction of emotional distress ("IIED") as to both Defendants.

On April 19, 2022, Goldberg filed her cross-complaint against Laura, alleging the following causes of action against various cross-defendants: (1) assault; (2) battery; (3) trespass to chattels; (4) false light; (5) intentional interference with contractual relations; (6) IIED; (7) negligence; (8) negligent retention and supervision of employee; (9) defamation; (10) abuse of process; (11) professional negligence; and (12) negligent infliction of emotional distress. On August 2, 2022, the court granted Ms. Ruano's Special Motion to Strike and struck Cross-Complainants' claim for false light, intentional interference with contractual relations, IIED, defamation, abuse of process, and NIED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                                    February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                          8:30 AM

Judge: Honorable Virginia Keeny           CSR: None
Judicial Assistant: P. Boyadzhyan         ERM: None
Courtroom Assistant: R. Villagonzalo      Deputy Sheriff: None

On March 5, 2022, Laura filed her first amended complaint (the "FAC") against Goldberg and Luis, alleging: (1) ejectment; (2) conversion; (3) defamation per se; and (4) NIED. On July 8, 2022, the Court struck Laura's FAC without prejudice on the ground that Plaintiff's counsel had failed to meet and confer with defense counsel prior to its filing.

On August 27, 2022, Laura filed her second amended complaint (the "SAC") against Goldberg and Luis, alleging: (1) breach of fiduciary duty; (2) IIED; (3) ejectment; (4) conversion; (5) defamation per se; and (6) NIED. On December 13, 2022, the Court struck the SAC on the ground that Plaintiff's counsel had failed to meet and confer with defense counsel prior to its filing.

On March 2, 2023, Laura filed her motion for leave to file a third amended complaint (the "TAC"). On March 28, 2023, the court granted Laura's motion. Laura filed her TAC on April 6, 2023 for ejectment, conversion, defamation per se, and negligent infliction of emotional distress. Defendants demurred to the TAC and on October 30, 2023, Laura filed a 4AC for ejectment, conversion, and defamation per se. On January 3, 2024, Plaintiff filed a 5AC asserting four additional causes of action for unfair business practices, elder abuse, and civil harassment.

[TENTATIVE] RULING

Plaintiff and Cross-Defendants Laura Ruano, Barone's, Inc., Thomas Monteleone, and John Monteleone's Motion for Judgment on the Pleadings is GRANTED, in part.

ANALYSIS

I. MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff and Cross-Defendant Laura Ruano and Cross-Defendants Barone's, Inc., Thomas Monteleone, and John Monteleone move the court for an order granting judgment on the pleadings in connection with five of the claims asserted in the Cross-Complaint filed by Defendant and Cross-Complainant Julie Goldberg on the grounds the claims are not pled with sufficient facts to constitute a cause of action.

A motion for judgment on the pleadings has the same function as a general demurrer but is made after the time for demurrer has expired. Except as provided by statute, the rules governing demurrers apply. (Cloud v. Northrop Grumman Corp. (1998) 67 Cal.App.4th 995, 999.)

Like a general demurrer, "ordinarily, a [motion for judgment on the pleadings] does not lie as to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                    February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                     8:30 AM

Judge: Honorable Virginia Keeny          CSR: None
Judicial Assistant: P. Boyadzhyan         ERM: None
Courtroom Assistant: R. Villagonzalo      Deputy Sheriff: None

a portion of a cause of action, and if any part of a cause of action is properly pleaded, the [motion] will be overruled." (Fire Ins. Exchange v. Superior Court (2004) 116 Cal.App.4th 446, 452.) In considering a motion for judgment on the pleadings, courts consider whether properly pled factual allegations—assumed to be true and liberally construed—are sufficient to constitute a cause of action. (Stone Street Capital, LLC v. Cal. State Lottery Com'n (2008) 165 Cal.App.4th 109, 116.)

Assault

Cross-Defendants move for judgment on the pleadings as to the assault cause of action on the grounds Goldberg has failed to plead the necessary elements for assault.

"The elements of a cause of action for assault are: (1) the defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner; (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm." (Carlsen v. Koivumaki (2014) 227 Cal.App.4th 879, 890 (citing So v. Shin (2013) 212 Cal.App.4th 652, 668-69).) Physical injury is not required; rather, the tort of assault is complete when anticipation of harm occurs. (See Kiseskey v. Carpenters' Trust for Southern California (1983) 144 Cal.App.3d 222, 232.)

Cross-Defendants argue Goldberg's allegations that Ms. Ruane ran towards Cross Complainant and yelled profanities is not enough to satisfy the elements of assault. Nor has Goldberg alleged that Ms. Ruano actually carried out any overt act as the parties were not face to face when Ms. Ruane allegedly punched the car windows and Ms. Goldberg was holding onto the door handle to ensure it could not be opened. Lastly, Cross-Defendants contend it bears importance that Mr. Ruano, the person actively filing for divorce from Ms. Ruano, was also in the vehicle with the Cross Complainant.

In opposition, Goldberg argues the threat can be express or implied and Ms. Ruane both coming after Ms. Goldberg yelling profanities and punching the car were sufficient to make Ms. Goldberg apprehensive, especially when coupled with the actual contact with the car. Goldberg further contends even if Ms. Ruane's anger was directed towards Luis, "'[i]f defendant unlawfully aims at one person and hits another he is guilty of assault and battery on the party he hit, the injury being the direct, natural and probable consequence of the wrongful act.' " (Singer v. Marx (1956) 144 Cal.App.2d 637, 642.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                                   February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                         8:30 AM

Judge: Honorable Virginia Keeny            CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: R. Villagonzalo       Deputy Sheriff: None

The court finds Goldberg has sufficiently alleged a cause of action for assault. "' "Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." [Citation.]' (Lowry v. Standard Oil Co. of California (1944) 63 Cal.App.2d 1, 6–7, 146 P.2d 57.) In Lowry, the plaintiff was injured when he fled from a man who pointed what turned out to be an unloaded gun at him and pulled the trigger. In finding this conduct constituted an assault, the appellate court stated, 'A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm. Every person has "the right of protection from bodily restraint or harm." [Citation.] ... The pointing of a gun at another in a threatening manner is sufficient to cause fear of personal injury unless it is known by the person at whom the weapon is pointed that the gun is in fact unloaded. [Citations.]' [Citation.]" (Plotnik v. Meihaus (2012) 208 Cal.App.4th 1590, 1603–1604.) Here, Plaintiff has alleged she was in fear of personal harm when Ms. Ruane intended to cause offensive contact by punching the car window of the vehicle Goldberg was in. Ms. Ruane's actions together with her words could be found to be intended to inflict immediate injury to Goldberg.

Accordingly, Cross-Defendants' motion for judgment on the pleadings as to the first cause of action is DENIED.

Battery

Cross-Defendants move for judgment on the pleadings as to the battery cause of action on the grounds Goldberg has failed to state facts sufficient to state a cause of action against Cross-Defendants.

"Battery is an offensive and intentional touching without the victim's consent." (Kaplan v. Mamelak (2008) 162 Cal.App.4th 637, 645.) "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (Yun Hee So v. Sook Ja Shin (2013) 212 Cal.App.4th 652, 669.)

Cross-Defendants argue Cross-Complainant has failed to plead the requisite elements for a cause of action of Battery, because no harmful or offensive touching of the Cross-Complainant occurred as Goldberg was in the car, doors locked, and the only alleged contact was with the window vehicle she was in, and not her as a person or anything on her.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                                February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                       8:30 AM

Judge: Honorable Virginia Keeny            CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: R. Villagonzalo       Deputy Sheriff: None

In opposition, Goldberg argues that to constitute battery, it is not necessary for there to be skin-to-skin contact. (See People v. Puckett (1975) 44 Cal.App.3d 607.) While battery occurs when the defendant wrongfully touched the plaintiff or caused the plaintiff to be touched, Goldberg has not alleged anything touched her. (Puckett, supra, 44 Cal.App.3d at pp. 614–615 holding "[e]ven though pushing a door cannot be deemed a harmful injury, the pushing of a door which was touching the prosecutrix could be deemed an offensive touching and a battery is defined as a harmful [o]r offensive touching.")

Accordingly, Cross-Defendants' motion for judgment on the pleadings as to the second cause of action is GRANTED.

Trespass to Chattel

Cross-Defendants move for judgment on the pleadings as to the trespass to chattel cause of action on the grounds Goldberg fails to allege a cause of action against Ms. Ruano for trespass to chattels.

"[T]respass to chattels 'lies where an intentional interference with the possession of personal property has proximately caused injury.'" (Intel Corp. v. Hamidi (2003) 30 Cal.4th 1342, 1350-51 (quoting Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal.App.4th 1559, 1566).) "A trespass to a chattel may be committed by intentionally dispossessing another of the chattel, or using or intermeddling with a chattel in the possession of another." (Jamgotchian v. Slender (2009) 170 Cal.App.4th 1384, 1401.)

Cross-Defendants argue Cross-Complainant fails to allege that the vehicle she was occupying belonged to her and moreover, Cross-Complainant fails to allege any damage to the vehicle she occupied. Without either of these elements pled adequately, Cross-Complainant has failed to plead a cause of action for trespass to chattels.

In opposition, Goldberg argues the cross-complaint explicitly alleges Goldberg had a possessory interest in the vehicle. Goldberg contends trespass to chattels is not only about ownership but interferences with the possession of chattels. (See Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal.App.4th 1559, 1566-1567.) While only a possessory interest is sufficient, Goldberg's conclusory allegations are insufficient to withstand a motion for judgment on the pleadings. She merely alleges that Ruano rushed at the car and struck the car. She does not allege interference with her possession, which continued unabated.

Accordingly, Cross-Defendants' motion for judgment on the pleadings as to the third cause of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                                                    February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                                            8:30 AM

Judge: Honorable Virginia Keeny                CSR: None
Judicial Assistant: P. Boyadzhyan              ERM: None
Courtroom Assistant: R. Villagonzalo           Deputy Sheriff: None

action is GRANTED.

Barone Defendants

Cross-Defendants' argue since Cross-Complainant has failed to plead the causes of action of Assault, Battery, and Trespass to Chattels against Ms. Ruano for the reasons noted above, she has also not adequately alleged said causes of action against the Barone's Defendants. As noted above, the court finds Goldberg has sufficiently alleged a claim for assault. However, the court agrees Goldberg has not sufficiently alleged Barone's Defendants are vicariously liable for Ms. Ruano's actions. "If an employee inflicts an injury out of personal malice, not engendered by the employment, the employer is not liable." (Carr v. Wm. C. Crowell Co. (1946) 28 Cal.2d 652, 656.) Goldberg was not a customer of Barone's. As such, Cross-Complainant has also failed to properly allege a cause of action for negligent retention and supervision against the Barone's Defendants for Ruano's action, as there is no allegation this was done out of anything more than personal anger directed at Ruano's ex husband and Ms. Goldberg.

Accordingly, Cross-Defendants' motion for judgment on the pleadings as to the Barone Defendants' is GRANTED.

Negligence

Cross-Defendants move for judgment on the pleadings as to the negligence cause of action on the grounds Cross-Complainant's negligence cause of action solely seeks recovery of economic damages.

Cross-Defendants argue Goldberg has not plead damages which are recoverable. The complaint alleges "LAURA's acts directly and proximately caused GOLDBERG to suffer economic damages, for the cost of medical, psychological and/or psychiatric treatment. Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917." (Compl. ¶151.) "In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." (Sheen v. Wells Fargo Bank, N.A. (2022) 12 Cal. 5th 905, 922.)

The economic loss rule prevents claims of stand-alone economic loss without associated emotional distress or other noneconomic damages as to tort causes of action. (Sheen v. Wells Fargo Bank, N.A. (2022) 12 Cal. 5th 905, 922.) While plaintiff does not expressly state "emotional distress" as a damage in the negligence cause of action, in the paragraphs describing the assault (all of which are incorporated into the negligence cause of action) she adequately describes emotional distress and fear sufficient to support a claim for damages for negligence.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department W

**21VECV01054**                                                              February 5, 2024
**LAURA RUANO vs JULIE GOLDBERG, et al.**                                       8:30 AM

Judge: Honorable Virginia Keeny                CSR: None
Judicial Assistant: P. Boyadzhyan              ERM: None
Courtroom Assistant: R. Villagonzalo           Deputy Sheriff: None

Accordingly, Cross-Defendants' motion for judgment on the pleadings as to the negligence cause of action is DENIED.

Additionally, the Court indicates that until there is a ruling made for the motion for protective order scheduled for 03/11/24, the documents sought cannot be produced.

The Motion for Judgment on the Pleadings filed by Laura Rachel Ruano, an individual, Thomas Monteleone, as chief executive officer of Barone's, John Monteleone, as chief financial officer of Barone's, Barone's, Inc., a California Corporation on 12/27/2023 is Denied.

On the Court's own motion, the Hearing on Motion for Protective Order scheduled for 02/05/2024, and Case Management Conference scheduled for 02/05/2024 are continued to 03/11/24 at 08:30 AM in Department W at Van Nuys Courthouse East.

On the Court's own motion, the Hearing on Motion for Protective Order scheduled for 02/23/2024 is advanced to this date and continued to 03/11/24 at 08:30 AM in Department W at Van Nuys Courthouse East.

Notice is waived.

# EXHIBIT B

CIV-110

Electronically Received 04/02/2024 10:02 AM

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 235565 | FOR COURT USE ONLY |
|---|---|---|

NAME: Julie Ann Goldberg, Esq.
FIRM NAME: Goldberg & Associates, P.C.
STREET ADDRESS: 14370 Ventura Blvd.
CITY: Sherman Oaks        STATE: CA        ZIP CODE: 91423
TELEPHONE NO.: (818) 999-1559        FAX NO.:
E-MAIL ADDRESS: ecf@goldbergimmigration.com
ATTORNEY FOR (name): Cross-Complainant

**FILED**
Superior Court of California
County of Los Angeles
04/02/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Villagonzalo _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Van Nuys Courthouse East

PLAINTIFF/PETITIONER: Laura R. Ruano
DEFENDANT/RESPONDENT: Julie Goldberg, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 21VECV01054 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☑ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☑ Cross-complaint filed by (name): Julie Ann Goldberg        on (date): 04/19/2022
      (4) ☐ Cross-complaint filed by (name):        on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☐ Other (specify):*

2. (Complete in all cases except family law cases.)
   The court ☐ did   ☑ did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 04/02/2024

Julie Ann Goldberg, Esq.

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

▶ /s/ Julie Ann Goldberg
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☑ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

---
*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on (date):
5. ☑ Dismissal entered on (date): 04/02/2024   as to only (name): Œ ÁŒa[ ç^
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

David W. Slayton, Executive Officer / Clerk of Court

Date: 04/02/2024        Clerk, by _____ R. Villagonzalo _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Laura R. Ruano<br>DEFENDANT/RESPONDENT: Julie Goldberg, et al. | CASE NUMBER:<br>21VECV01054 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name):*    Julie Ann Goldberg's Cross-Complaint only

2. The person named in item 1 is *(check one below):*

   a. ☑ not recovering anything of value by this action. Cross-Complaint only

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):*   ☑ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:    04/02/2024

Julie Ann Goldberg, Esq.                                      ▶    /s/ Julie Ann Goldberg

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

---

CIV-110 [Rev. January 1, 2013]                    **REQUEST FOR DISMISSAL**                    **Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.     **Print this form**    **Save this form**    **Clear this form**

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and a party to this action. I am a resident in the county of Los Angeles, State of California. My business address is 14370 Ventura Boulevard, Sherman Oaks, CA 91423.

On April 02, 2024, I served true copies of the following documents(s):

**REQUEST FOR DISMISSAL via FORM CIV-110**

on the interested parties in this action as follows:

| | |
|---|---|
| Jonathan L. Gerber, Esq.<br>Miller Miller Gerber LLP<br>18301 Von Karman Avenue, Suite 950<br>Irvine, CA 92612<br>Email: jgerber@mmg-llp.com | *Attorney for Plaintiff/Cross-Defendant Laura Ruano, Cross-Defendants Thomas Monteleone, John Monteleone and Barone's, Inc.* |

**X**     **BY ELECTRONIC SERVICE**: Pursuant to CCP § 1010.6(a)(4)), I caused such document(s) to be electronically served, at the following email addresses listed above.

**X**     **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 02, 2024, at Sherman Oaks, California.

_____
Christopher Feliciano

## <u>CERTIFICATE OF SERVICE</u>

I hereby declare that I have filed this Notice of Motion and Special Motion to Strike and Dismiss through the CM/ECF e-filing system, with which all parties are registered. Accordingly, all parties have been served through CM/ECF on July 17, 2025.

Dated: July 17, 2025                          *s/ Julie A. Goldberg*
                                             Julie A. Goldberg