UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

JULIE ANN GOLDBERG,               )
                                  )
          Plaintiff,              )
                                  )
               vs.                )
                                  )   2:25-CV-5557-GW
LAURA RUANO, et al.,              )   2:23-CV-2395-GW
                                  )
          Defendants.             )
                                  )
LAURA MONTELEON, et al.,          )
                                  )
          Plaintiffs,             )
                                  )
               vs.                )
                                  )
JULIE ANN GOLDBERG, et al.,       )
                                  )
                                  )
          Defendants.             )
_____)

REPORTER'S TRANSCRIPT OF HEARING

Los Angeles, California

Thursday, December 18, 2025

_____

AMY DIAZ, RPR, CRR, FCRR
Federal Official Reporter
350 West 1st Street, #4455
Los Angeles, CA 90012

*Please order court transcripts here:  www.amydiazfedreporter.com*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

APPEARANCES OF COUNSEL:


For the Plaintiff:


            GOLDBERG & ASSOCIATES
            By:  Laura Goldberg, Attorney at Law
            14370 Ventura Boulevard
            Sherman Oaks, California 91423




For the Defendants:

            LAW OFFICES OF MICHAEL LABRUM
            By:  Michael Labrum, Attorney at Law
            2625 Townsgate Road, Suite 330
            Westlake Village, California 91361

THE COURT: Let me call the matter of Monteleone vs. Goldberg and Goldberg vs. Monteleone.

MR. LABRUM:  Good morning, Your Honor.  Michael Labrum for Monteleone.

THE COURT:  All right.

MS. GOLDBERG:  Good morning, Your Honor.  Julie Goldberg on behalf of myself.

THE COURT:  Okay.  We are here on two matters:  The motion for vexatious litigant, and also the motion for attorney's fees.  Let's do the motion for attorney's fees first.  I issued that -- let me ask in the tentative, have both sides seen the tentative?

MS. GOLDBERG:  I have, Your Honor.

MR. LABRUM:  Yes, Your Honor.

THE COURT:  Does somebody want to argue something?

MS. GOLDBERG:  I would rest on the tentative.  Other than I apologize for our error, the Court's math is correct, we had a computation error when we were calculating it.  So we appreciate the Court catching it.

THE COURT:  I would be hypocritical without some modesty in any errors in calculation, because I at one point in time wanted to be a doctor, and then I cook chemistry, actually biological chemistry, organic chemistry, whatever it was, trying to put it out of my mind.  So science stuff is not really my forte anymore.

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

So let me ask the defense counsel, what is your response to the Court's tentative?

MR. LABRUM:  Yes, Your Honor.  In regards to Christopher Feliciano, I'm not sure why there are fees awarded for that person who is a law clerk under the supervision of Julie Goldberg and readily communicates, obviously, with Mr. --

THE COURT:  Well, let me put it this way:  It could have been an associate, which would have been more expensive.  Look at it that way.

MR. LABRUM:  Right.  Right.  But, I mean, that kind of goes to the whole pro per argument, I assume, so...

THE COURT:  You know what my position is on your position.

MR. LABRUM:  I do.  I do.  So no need to argue that.

THE COURT:  Let me put it this way:  I will note your objections for the record.

MR. LABRUM:  And that is really just noting those.

THE COURT:  Okay.  Sure.

MR. LABRUM:  And obviously -- yeah.  And so -- but I do -- you definitely made your argument.

THE COURT:  Okay.

MR. LABRUM:  I appreciate that, Your Honor.

THE COURT:  All right.  So I will say that having heard oral arguments from both sides, I will make my

tentative my final.

Let me have the plaintiff prepare an order that incorporates all that, and I will sign off, and hopefully within 24 hours of your getting it to me.

Then the next one is the motion in regards to vexatious litigant, and a motion to reopen discovery.

I issued a tentative on this one, too.  I presume both sides have seen it?

MS. GOLDBERG:  Yes, Your Honor.

MR. LABRUM:  Yes, Your Honor.

THE COURT: Somebody want to argue something?

MS. GOLDBERG:  I would like to bring two things to the Court's attention.  I understand the order, and I've read it.

THE COURT:  Uh-huh.

MS. GOLDBERG:  The first concern I have is that this should be to deter conduct.

So Mr. Ruano keeps filing these in State Court.  It is me that then because of diversity jurisdiction brings it to Federal Court.

THE COURT:  I was thinking about that, and -- but my problem is that I really cannot -- it's hard for me to do anything effective in regards to State Court filings.

In other words, they have a vexatious litigant statute there.  And my jurisdiction normally doesn't extend

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

to matters that are filed within State Court.

Now once, obviously, the stuff gets to me here, then obviously I can.

MS. GOLDBERG:  Which is why I was trying to come up with some creative way.  Like obviously, you have no jurisdiction over the administrative bodies, as well.  So I was trying to come up with some deterrent that was creative.

THE COURT:  Let me put it to you this way, I would say this on the record, that if there is a filing that would fall within my order in regards to the defendants or, you know, obviously the defendant's one case, the plaintiffs on the other engaging in similar type of conduct, if it gets in front of me, I would also entertain sanctions, monetary sanctions over and above the attorney's fees request, basically what I would consider to be bad faith in that regard.

So I would just put that on the record I would do that.  I won't want to say how much, but I would indicate that on the record.  And hopefully, that would be sufficient, because I don't think that they should be doing that, or would they be doing that, but if they do to that and it's found to be improper, then I would award also punitive monetary sanctions in addition to attorney's fees.

MS. GOLDBERG:  Thank you, Your Honor.

The only other thing I wanted to bring to the

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

Court's attention, and I know it limited it to these particular facts, but I would just point out that the bar complaints and the FBI and all of that was not necessarily involving the facts regarding the divorce.

That stuff -- she found some Goldberg family in Florida, and just assumed it was me, and linked a whole bunch of stuff, and reported me for immigration fraud. And so I'm wondering how we deter all the reports of the false conduct, like saying I was committing immigration fraud. This deeply affected a lot of my VAWA cases and a lot of immigrant families.

So how do we deter that conduct? I mean, everything was dropped, because ultimately the truth always comes out, but how do we defer like that type of conduct where we are like identifying me with a person that is not me, making allegations, and making false reports that are now -- I mean, I represent -- I have five offices around the world. I represent a lot of immigrants and a lot of people, and it really affected a lot of people.

THE COURT: Well, I guess the only thing that I can think of is that I would retain jurisdiction over this matter, and allow you to come back to this Court, because again, what I will allow you to do is I will allow you to prepare the vexatious litigant order, and I will allow you to include within it that if the plaintiff/defendant, you know,

persons that the vexatious litigant order is addressed to

engages in unfounded complaints that are being made to

governmental agencies.  But these would be limited to Federal

governmental agencies --

MS. GOLDBERG:  Understood.

THE COURT:  -- like the FBI and immigration and

stuff like that.  Obviously, state police is beyond my

control.

MS. GOLDBERG:  My bigger concern is that it affects,

like I said, the federal agencies, so that is great.

THE COURT:  I would allow you to come back to court

to reopen this matter to ask for sanctions in that regard.

MS. GOLDBERG:  Thank you, Your Honor.

THE COURT:  That hopefully will cover it.

MS. GOLDBERG:  Then I would rest on all of that.

MR. LABRUM:  From my perspective, I haven't seen

anything in regards to an unfounded complaint.

THE COURT:  Well, she's made those -- she's made

those assertions in this case.

MR. LABRUM:  Right.  But I mean, where is the proof?

It's one thing to say it happened, but is there --

THE COURT:  But again, this is --

MR. LABRUM:  And I thought it was a crime to file a

false report to the FBI.  I thought you can't lie to the FBI.

So why isn't my client --

THE COURT:  Well, let me put it this way:  The most often, or it's more often than it is common that those types of accusations that a false complaint was filed, it usually winds up being part and parcel to a malicious prosecution action, but then it places the burden on Ms. Goldberg to go initiate another action, et cetera, et cetera.

And I will make that -- again, I will make the relief I'm granting here -- and again, what she will be doing, though, is she would be coming back to this Court, and she would be saying that your clients have violated this order by doing something that is improper.

But it's still her burden at that point in time to establish a violation, you know, and the fact -- you will just have to establish whatever was said was not only unfounded but, you know, et cetera, et cetera.  In other words, it's still a relatively high burden on her, but the burden will be on her to come in.

So I will allow that language to be placed in the order.

MS. GOLDBERG:  Thank you, Your Honor.

MR. LABRUM:  And I appreciate that.

And also on a side note, obviously I'm sure you saw my papers in regards to, you know, pointing out similar activities.

THE COURT:  Well again, but I think that was --

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

let's put it this way:  Your client hasn't asked for anything --

MR. LABRUM:  True.

THE COURT:  -- in that regard.  And that is the reason I'm giving it to her.  I think she's asked for it and she has established a basis for it.

If your client has something else on the other side, feel free, but again, this is not ping pong or tennis at this point.

MR. LABRUM:  I understand.  And I think for purposes, just to point out we don't want it to appear that there is condoning of --

THE COURT:  Sure.

MR. LABRUM:  -- of behavior on the other side.

THE COURT:  I understand that, as well.

MR. LABRUM:  That is quite similar to what she's complaining of.

MS. GOLDBERG:  And if I may, Your Honor? I filed not a single police report against her.  Even though it is a crime to file false police reports, I did not do that.  I don't participate in that activity.

The two things that I have done is I filed a response in State Court, which was counterclaims, and dismissed it because I wanted to handle it here.  And I came to this Court for protection.  This is the only action I

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

filed.

And so none of that -- and I could have rightfully done all of that stuff.  That is not in my interest.  My interest is I came here for protection.  I want to be left alone.

And more importantly, I'm not here for protection of me, but for the hundreds of people that got affected by this.

THE COURT:  All right.  I understand your position, I understand the defense's position.  I don't need to make any further rulings at this point in time I don't think.

Let me ask the plaintiff, I'll give you more time, but what I want you to do is to give the proposed language to defense counsel, and he'll respond whether or not he has any problems.  If there is a problem, let me ask you guys to at first try to resolve it.

And if you cannot resolve it, then give me a single document that has the position of both sides in terms of what the language is of the proposed order, assuming that you guys can agree on -- well, certainly you guys can agree on language that neither side objects to in the order.

If there are things that one side or the other, or I guess it would be the defense wants to either exclude or the defense wants to add, just put it in a different font.

MS. GOLDBERG:  A redline?

THE COURT:  It's called a redline, but actually, I

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

prefer it to be in different fonts or different colors, one font for what the parties both agree to, one font for what the plaintiff wants, the defendants object to, and another font for what the defendant wants.

MS. GOLDBERG:  And then different colors.

THE COURT:  If you want to make it more colorful, different colors is fine.  It makes it more festive.  It's the holidays.

MR. LABRUM:  Christmas colors.

THE COURT:  Thank you everybody.  Have a very nice day.  And I'll make any tentatives my final, as provided for.

Yes?

MR. LABRUM:  About the discovery, did you want to --

THE COURT:  I indicated that I would allow discovery to an extent.

MS. GOLDBERG:  I did have a proposed schedule.  I know we haven't talked about it.  Do you want to talk about it and submit something or propose my schedule now?

THE COURT:  Why don't you go outside about two minutes and see if you can agree on the dates.  And if you can't, come back in and I'll call you after we finish the next thing.

MR. LABRUM:  And the Court will dictate the limitations on the scope of discovery?

THE COURT:  I want you guys to talk about the

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

limitations, too.  If guys you agree, then I will agree.  If you guys can't agree, then I will have to rule.

MR. LABRUM:  All right.  Thank you, Your Honor.

\* \* \*

THE COURT:  All right.  Recalling Goldberg and the Monteleone matters.

Let me ask counsel, you guys agree on a schedule and the scope of any additional discovery?

MS. GOLDBERG:  We did.

MR. LABRUM:  Yes, Your Honor.

THE COURT:  What is your proposal?

MS. GOLDBERG:  So our proposal is 120 days.  And the reason for the length is it's a little crazy going on right now, so I apologize.

THE COURT:  That's all right.

MS. GOLDBERG:  Okay.  And so expert disclosures by February 12th, expert report by March 3rd, and expert rebuttal by March 30th, or I'm sorry, April 3rd, April 3rd.

THE CLERK:  Say it again, Counsel, slower.

MS. GOLDBERG:  I'm so sorry.  Did you want me to do it again?

THE CLERK:  Yes.

MS. GOLDBERG:  So expert disclosures by February 12th, expert report by March 3rd, expert rebuttal by April 3rd, and the limitations on discovery --

THE COURT:  Wait.  Wait.  The close of expert discovery will be when?

MS. GOLDBERG:  The close of discovery is April 19th.

THE COURT:  Okay.  But I thought -- sorry -- the rebuttal expert reports was supposed to be due by when?

MS. GOLDBERG:  April 3rd.

THE COURT:  April 3rd.  I tell you what, why don't we put the close of expert on the 24th of April.

MS. GOLDBERG:  Okay.

THE COURT:  Because April 19th is a Sunday.

MR. LABRUM:  Close of discovery.

THE COURT:  Close of expert discovery.

MR. LABRUM:  Expert discovery.

THE COURT:  I presume nobody is doing any further discovery, it's just expert discovery you are talking about.

MR. LABRUM:  Yeah, because discovery was already done.

THE COURT:  Okay.  And then you guys -- then the plaintiff's going to make a renewed motion at that point?

MS. GOLDBERG:  Yes, Your Honor.

THE COURT:  Okay.  It would just be the standard time for that?

MS. GOLDBERG:  Yes.  And then just so you know, discovery is going to be, we agreed that it would be exploring what assets she has, and then also our damages.

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

THE COURT:  Okay.  And I presume that once we resolve the attorney's fees that both of these matters will be closed at that point, right?

MS. GOLDBERG:  I do, Your Honor.

THE COURT:  All right.  That's fine.

My clerk is telling me there is a post mediation that is set for Monday.  Are you guys going to mediation or have you gone to mediation?

MS. GOLDBERG:  We have gone for mediation, and we asked for it to be continued.  The damage study is not done.  It's quite extensive.  I've had a few emergencies, so we did put in a request for an extension.

THE COURT:  All right.  I'll just grant it now.

When do you want -- do you want to see if you guys can settle the case before a lot of the expert stuff is done?

MR. LABRUM:  Yes.

MS. GOLDBERG:  That would make a lot of sense.

THE COURT:  Okay.  Why don't I put this matter -- let me just start again.

MR. LABRUM:  What was the date of the mediation again?  January 12th it was continued to.

THE COURT:  So I'll just -- but let me just ask you this:  Can you -- do you want me to leave the January 12th date on?

MS. GOLDBERG:  I'm wondering if we should move it

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

later in the month.  And then because if we are going to do disclosures by February 12th, maybe we just say it's due by January 31st.  I don't have a calendar.

THE COURT:  Why don't we put it for February -- I'll set a post mediation status conference for February the 2nd. I want a joint report by January the 28th.  If it's a situation where you guys have settled the case, that would be great, just let me know.  And that gets rid of everything. And if you guys have not settled it, but you are still doing that, you can make a request that I continue the post mediation from February the 2nd to some other date.

And if you tell me that you tried to mediate and it was unsuccessful, then just both sides give me a stip to take the February 2nd date off calendar.

MR. LABRUM:  Setting trial today or not?

THE COURT:  No, it wouldn't be -- trial?

MS. GOLDBERG:  Maybe we shouldn't take a court calendar with everything going on, and maybe wait and see if we can settle.  Would that make sense?

MR. LABRUM:  Trial after discovery.

THE COURT:  I thought it was just -- it would be a motion, I thought.

MS. GOLDBERG:  I think it's just going to be a motion for damages.  I think liability has already been established.

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

THE COURT:  Yeah.

MR. LABRUM:  Right.

MS. GOLDBERG:  And I think that it probably --
damages can all be done by motion.

THE COURT:  I thought it was going to be by motion.

We are interrupting each other, by the way, my
reporter hates you.  She already hates me, I know that, but I
think she's growing to hate you, too.

MR. LABRUM:  I apologize.

THE COURT:  Yes.

MS. GOLDBERG:  Yeah.  My understanding -- sorry, I
apologize -- is that it would be by motion unless something
couldn't be decided, and then we would have to try something
if there was a dispute.

THE COURT:  That would be my understanding.

What is left to decide?

MR. LABRUM:  Punitive damages.

THE COURT:  I know, but...

MR. LABRUM:  Clear and convincing.

THE COURT:  Yeah.  Why don't we do this:  I think --
let's do this:  Let's see if we can get it resolved by a
motion.  Maybe there would be something that we couldn't do
by motion.

MR. LABRUM:  Because --

THE COURT:  Let me put this this way:  I'll let the

parties talk about this, because sometimes what happens, you can maybe try to do it by way of summary judgment motion in terms of the amounts and the elements of whether or not it was burdensome and oppressive or malicious, or whatever it is, whatever the standards are.  And you can decide, let's see if we can resolve it by way of a motion, summary judgment motion.  If we can, we can; if we can't, then we'll have to try something at that point.

MR. LABRUM:  Correct.  I think you are right.

THE COURT:  Okay.  He thinks I'm right on something. That has made by day.

MS. GOLDBERG:  I'm assuming you are right most of the time, Your Honor.  That is why you are in this position.

THE COURT:  That is because I've agreed with you on the majority of things so far.

MR. LABRUM:  There you go.

THE COURT:  I know what happens when I start to disagree with you.

Okay.  Have a very nice holiday.  And remember, it's better to settle than it is to litigate.

MR. LABRUM:  Thank you, Your Honor.

MS. GOLDBERG:  Thank you, Your Honor.

*****     *****     *****

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


---------------------------


Amy C. Diaz, RPR, CRR              December 19, 2025

S/   Amy Diaz